IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,       *

     Plaintiff,                 *

        v.                     *         Civil Action No. RDB-10-3380

$ 74,500 in U.S. Currency,        *

     Defendant.           *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION**

This is a civil forfeiture action arising under 21 U.S.C. § 881(a)(6) and brought by the

United States Government against Defendant $74,500 in U.S. Currency ("Defendant Currency").

Claimants Joseph and Susan Reising ("Claimants"), move to dismiss this action pursuant to Rule

G(8)(b) of the Supplemental Civil Rules for Admiralty or Maritime Claims and Asset Forfeiture

Actions, alleging that (1) the Complaint fails to state a claim upon which relief can be granted,

and (2) this Court lacks *in rem* jurisdiction over the seized property. The parties' submissions

have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the

reasons that follow, the Claimants' Motions to Dismiss (ECF Nos. 6 and 7) are DENIED.

BACKGROUND

In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must

be accepted as true and those facts must be construed in the light most favorable to the plaintiff.

*Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

In May 2010, law enforcement officers investigated Joseph Matthew Reising ("Reising")

for illegal distribution of prescription medication. Decl. ¶ a. The Complaint's attached

Declaration claims that during the course of the investigation, a detective placed a controlled

1

telephone call to Reising, at which time Reising allegedly claimed he could sell the detective the prescription drugs Percocet and Kadian.  *Id.* ¶ b.  On June 23, 2010, the undercover detective executed a controlled purchase of twenty-five 5 mg pills of Percocet from Reising.  *Id.* ¶ c.  On July 8, 2010, the undercover detective again executed a controlled-purchase with Reising, buying fifty 7.5 mg pills of Percocet from Reising.  *Id.* ¶ d.

On July 29, 2010, the detective obtained a search and seizure warrant for Reising's home in Marriotsville, Maryland.  *Id.* ¶ e.  The detective spoke with Reising again on July 30, 2010, in which Reising allegedly indicated he would be able to sell the detective fifty pills of Kadian.  *Id.* ¶ f.  The detective arranged a meeting with Reising for later that same day.  At approximately 2:00 p.m. on July 30, Reising exchanged a plastic bag filled with fifty Kadian pills in exchange for $250.  Reising was then placed in custody by police.  *Id.* ¶ h.

Police transported Reising back to his home, whereupon detectives executed the signed search and seizure warrant.  *Id.* ¶ j.  The Declaration claims that Reising provided detectives with the combinations to several safes located in the basement of the home.  *Id.* ¶ i.  Among the contents found in the safes were several guns, several hundred pills of Percocet and Kadian, and $74,500 in United States Currency.  *Id.* ¶¶ m-o.  Reising was charged with thirteen criminal counts in the Circuit Court for Howard County for narcotics related offenses.[1]  *Id.* ¶ r.

Currently pending before this Court are two motions to dismiss filed by Claimants. Claimants argue in their first motion to dismiss (ECF No. 6) that the Complaint fails to state a claim upon which relief can be granted, and argue in their second motion to dismiss that this Court lacks *in rem* jurisdiction over the seized property (ECF No. 7).  The Government argues that the Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), which

---

[1] Reising plead guilty in the Circuit Court for Howard County on January 11, 2011 and on March 11, 2011 was sentenced by the Honorable Timothy J. McCrone to a suspended jail sentence of one year and three years of supervised probation.  (ECF No. 13).

states that "all moneys furnished or intended to be furnished by any person in exchange for a controlled substance . . . used or intended to be used to facilitate" illegal drug distribution in violation of the Controlled Substances Act, are subject to forfeiture.

STANDARD OF REVIEW

The Federal Rules of Civil Procedure and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supp. R.") are equally applicable for *in rem* forfeiture actions. *See United States v. $85,000 in U.S. Currency*, No. WDQ-10-0371, 2011 WL 1063295, at *1 (D. Md. Mar. 21, 2011) (citation omitted). The pleading standard for civil forfeiture actions was initially promulgated in the case of *United States v. Mondragon*, which held that a Complaint "must allege sufficient facts to support a reasonable belief that the property is subject to forfeiture." 313 F.3d 862, 865 (4th Cir. 2002). The *Mondragon* Court interpreted the pleading standard in prior Supp. R. E(2)(a), which was superseded by the 2006 enactment of Supp. R. G(2). *See United States v. All Assets Held at Bank Julius Baer & Co.*, 571 F. Supp. 2d 1, 16 (D. D.C. 2008) (noting that Supp. R. G(2)(f) supplanted Supp. R. E(2), but adopted the *Mondragon* standard for determining the sufficiency of a complaint).

A Motion to Dismiss made pursuant to Supp. R. G(8)(b) is governed by Supp. R. G(2), which provides in pertinent part, that the Complaint shall "state sufficiently detailed facts to support a reasonable belief that the Government will be able to meet its burden of proof at trial." Supp. R. G(2)(f). Although the pleading standard under Supp. R. G(8)(b) is higher than the standard for Fed. R. Civ. P. 8(a), the pleading requirements are nonetheless satisfied if the Government pleads enough facts to support a "reasonable belief" that the Government will be able to meet its burden of proof at trial. *See United States v. Real Property Located at 5208 Los*

3

*Franciscos Way*, 385 F.3d 1187, 1193 (9th Cir. 2004) (noting that the Government "is not required to prove its case simply to get in the courthouse door").

To meet its burden of proof, the Government must ultimately prove by a preponderance of the evidence a "substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3). However, the Government need not produce all evidence that will be introduced at trial and may instead "gather[ ] evidence after the filing of a Complaint for forfeiture to establish, by a preponderance of the evidence, that [the] property is subject to forfeiture." 18 U.S.C. § 983(c)(2). Moreover, "no complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." 18 U.S.C. § 983(a)(3)(D).

When assessing whether the Government has provided sufficient allegations to support a nexus between the alleged criminal offense and the Defendant Currency, the Court must look to the totality of the circumstances. *Mondragon*, 313 F.3d at 866. The *Mondragon* Court recognized that a pleading containing only the time, location, and person by whom the assets were seized would be insufficient to meet the pleading standard for asset forfeiture. *Id.* Accordingly, the Government must "state[ ] the circumstances giving rise to the forfeiture claim with sufficient particularity" to allow a claimant to conduct a "meaningful investigation of the facts and draft[ ] a responsive pleading." *Id.* at 867.

## ANALYSIS

### I.      Claimants' Motion to Dismiss for Failure to State a Claim

Claimants Joseph and Susan Reising ("Claimants") move to dismiss the Complaint for failure to state a claim upon which relief can be granted, pursuant to Supp. R. G(8)(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Claimants contend that the mere presence of

the Defendant Currency in the same safe as the prescription medicine is insufficient to

demonstrate a nexus between the alleged criminal conduct and the Defendant Currency.

Claimants thus argue a lack of sufficient factual allegations in the Complaint to meet the

pleading requirement established in *Mondragon*.

The Complaint's attached Declaration, submitted by Special Agent Mark Ross of the

Drug Enforcement Administration, has alleged numerous details to support an inference that the

Government will be able to meet its burden at trial.  Among the allegations provided in Special

Agent Ross' Declaration are: (1) the three separate controlled purchases of illegal prescription

medication from Reising, (2) the large sum of money kept in Reising's safe rather than in an

interest-bearing account, (3) the location of the Defendant Currency in the same safe as the

bottles of Percocet and Kadian, and (4) the thirteen drug-related criminal charges against

Reising.[2]  Gov. Opp'n Mot. to Dismiss 6-8.  Considered together, the Government's allegations

support an inference that the Defendant Currency constitute proceeds from illegal drug

distribution.  The alleged facts in the Complaint and in Special Agent Ross' Declaration clearly

support a "reasonable belief" that the Government will be able to meet its burden of proof at

trial.  Claimants have thus been provided sufficient factual allegations with which to draft a

responsive pleading.  Accordingly, Claimants' motion to dismiss for failure to state a claim upon

which relief can be granted will be DENIED.

> **II.    Claimants' Motion to Dismiss for Lack of In Rem Jurisdiction**

---

[2] In addition to the above-mentioned allegations, the Government has also included other details
suggesting that the Defendant Currency constitute proceeds from illegal drug distribution.
Among the allegations are that (1) DEA agents obtained a search and seizure warrant for
Claimants' home based upon probable cause, (2) the Defendant Currency is a large amount of
money in cash, (3) the Defendant Currency was located in a safe along with an unregistered
handgun and ammunition, (4) several of the prescription medications had altered or removed
labels, and (5) Reising has a prior criminal history.  *See* Gov. Opp'n. Mot. to Dismiss 6-8.

In their second motion to dismiss, Claimants move to dismiss the Complaint for lack of *in rem* jurisdiction over the seized assets.  However, "Claimants no longer dispute the substantive issue of the adequacy of this Court's *in rem* jurisdiction over the seized funds."  Claimant Reply 3 (ECF No. 11).  Thus, Claimants' motion to dismiss for lack of *in rem* jurisdiction is DENIED as moot.

CONCLUSION

For the reasons stated above, Claimants' Motions to Dismiss (ECF Nos. 6 and 7) are DENIED.


A separate Order follows.

Dated: July 11, 2011                                        _____/s/_____

                                                           Richard D. Bennett
                                                           United States District Judge